**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50041 |
| Plaintiff-Appellee, | D.C. No. 5:02-cr-00012-VAP-1 |
| v. | |
| JOE ORNELAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Joe Ornelas appeals from the district court's judgment and challenges the

18-month sentence imposed on revocation of his supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ornelas contends that the district court erred by considering the seriousness

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of the offense underlying the revocation and by imposing the sentence based on his need for medical care. Because Ornelas did not raise these objections in the district court, we review them for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The record does not support Ornelas's contention that the district court imposed the sentence as punishment for the 2009 bank robbery underlying the revocation. The court explicitly acknowledged that it was limited to considering only those 18 U.S.C. § 3553(a) sentencing factors included in 18 U.S.C. § 3583(e). To the extent the court considered the circumstances of the 2009 offense, it did so as part of its evaluation of Ornelas' history and the need to protect the public, which are permissible considerations at a revocation sentencing. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(C), 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (seriousness of the violation may be considered as part of the history of the violator, particularly where the violation is "similar to the past transgressions").

The record also does not support Ornelas' contention that the district court imposed or lengthened his sentence based on his need for medical care in violation of *Tapia v. United States*, 564 U.S. 319 (2011). Rather, the court referenced Ornelas' need for medical care in the context of explaining its recommendation that he be placed in a federal medical center. "A court commits no error by

2

discussing the opportunities for rehabilitation within prison" or "urg[ing] the BOP to place an offender in a prison treatment program." *Id*. at 334.

**AFFIRMED.**